UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMART-TEK SERVICE CORP., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES INTERNAL REVENUE SERVICE, <br><br> Defendant. | Case No.:  15cv00452 BTM(JMA) <br><br> **ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT** |

On May 4, 2015, Defendant, United States Internal Revenue Service ("Defendant") filed a motion to dismiss Plaintiff, Smart-Tek Service Corporation's ("Plaintiff") Complaint ("Compl.") under Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56. For the reasons discussed below, Defendant's motion to dismiss is **DENIED**. Defendant's motion for summary judgment is also **DENIED** without prejudice.

### I. BACKGROUND

On February 27, 2015, Plaintiff commenced this action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

after exhausting its administrative remedies. Plaintiff is a dissolved Florida corporation that had its last place of business in San Diego, California. (Compl. ¶ 5; Doc. 13-2.) Plaintiff was incorporated in Florida on January 12, 2010, and was administratively dissolved on September 27, 2013 for failing to file its annual report and pay its filing fee. (Doc. 13-2, Exh. A).

On May 12, 2014, Plaintiff sent Defendant a written request for agency records under FOIA. (Compl. ¶¶ 10, 17.) On September 29, 2014, Defendant acknowledged receipt of the FOIA request without making a final determination at that time. (Id. at ¶ 11.)  On January 8, 2015, Plaintiff again contacted Defendant by certified letter, stating that it would bring this action if Defendant failed to provide the requested documents by the end of that month. (Id. at ¶ 14.) Other than Defendant's letter confirming receipt of Plaintiff's FOIA request, Plaintiff alleges that it received no other responsive documentation from Defendant. (Id. at ¶ 15.)

## II.   LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In

1  considering whether the complaint is sufficient to state a claim, the court will take
2  all material allegations as true and construe them in the light most favorable to
3  the plaintiff. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
4     In the Ninth Circuit, the capacity of a dissolved corporation to sue or be
5  sued is governed by the laws of the state of incorporation. See Levin Metals
6  Corp. v. Parr-Richmond Terminal Co., 817 F.2d 1448, 1451 (9th Cir. 1987); Fed.
7  R. Civ. P. 17(b)(2) ("[t]he capacity of a corporation to sue or be sued shall be
8  determined by the law under which it was organized.").

### III.  DISCUSSION

11  Defendant moves to dismiss on the grounds that Plaintiff is a dissolved
12  corporation, and therefore lacks the capacity to bring a suit under Fed. R. Civ. P.
13  17(b)(2). In opposition, Plaintiff argues that under Florida law, it has the capacity
14  to sue in the course of "winding up" its business. In the alternative, Defendant
15  moves for summary judgment on the basis of one attached exhibit showing that
16  Plaintiff was administratively dissolved for failure to file an annual report (Doc. 13-
17  2).
18     As discussed below, the Court finds that Plaintiff has legal capacity to sue
19  and that a motion for summary judgment is premature.

## A. Motion to Dismiss for Lack of Capacity to Sue

Fla. Stat. Ann. § 607.1622(8) states that "[a]ny corporation failing to file an annual report . . . shall not be permitted to maintain or defend any action in any court of this state until such report is filed and all fees and taxes due under this act are paid and shall be subject to dissolution[.]" The effect of dissolution under this provision is modified by § 607.1405, which provides, in relevant part:

> (1) A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:
>
> (c) Discharging or making provision for discharging its liabilities; and
>
> (e) Doing every other act necessary to wind up and liquidate its business and affairs.
>
> (2) Dissolution of a corporation does not:
>
> (e) Prevent commencement of a proceeding by or against the corporation in its corporate name;

Additionally, Fla. Stat. Ann. § 607.1421(3), outlining the procedure for and effect of administrative dissolution, further provides that "[a] corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under § 607.1405 and notify claimants under § 607.1406."

Courts interpreting these provisions have held that a corporation administratively dissolved for failure to file an annual report under Fla. Stat. § 607.1222, retains its capacity to sue and be sued under Fla. Stat. § 607.1405 and § 607.1421 as "necessary to wind up and liquidate its business and affairs." Asbury v. Comm'r of Internal Revenue Service, 2007 WL 675892, at *4 (U.S. Tax Ct. 2007) ("According to [§§607.1421 and 607.1405] of the Florida Statutes, an administratively dissolved Florida corporation continues in existence indefinitely to wind up and liquidate its business and affairs, and it retains the right to sue and be sued in its own name."). See also Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304, 1307–08 (Fed. Cir. 2003); Nat'l Judgment Recovery Agency, Inc. v. Harris, 826 So.2d 1034, 1035 (Fla. App. 4th 2002), review denied, 845 So.2d 890 (Fla. 2003); Cygnet Homes, Inc., v. Kaleny Ltd., Inc., 681 So.2d 826 (Fla. App. 5th 1996); but see Trans-Health Management Inc. v. Nunziata, 159 So.3d 850, 855–56 (Fla. App. 2nd 2014) (stating that the "more specific" provisions of § 607.1622(8) control over the "more general" provisions of § 607.1405(2)(e), but failing to address the statue's exception for dissolved companies in the course of winding up).

Determining, adjusting, and settling tax liabilities have all been found to lie within the parameters of winding up. See Asbury, 2007 WL 675892, at *4; see also H. D. Walbridge & Co. v. C.I.R., 25 B.T.A.M. 1109, 1109, 1932 WL 487 (B.T.A.

1932) (stating that "determination of the corporation's tax liability [is] an act incident to the winding up of the corporate affairs . . .").

     While agreeing that under Florida law, Plaintiff would have legal capacity to sue on matters related to winding up its business, Defendant contends that Plaintiff has not established how this action will aid it in winding up. Defendant asserts that the requested records have no effect on Plaintiff's ability to resolve its tax liabilities and attempts to distinguish Plaintiff's cited legal authority from the present FOIA lawsuit on grounds that those cases involved direct challenges to dissolved corporations' tax liabilities.

     Viewing the alleged facts in Plaintiff's favor, see <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995), the Court finds that Plaintiff's FOIA suit falls within the realm of statutorily permitted acts for dissolved Florida corporations because it seeks documents that may be necessary for determining and settling Plaintiff's tax liabilities in the course of winding up. By attempting to obtain such tax-related agency records, Plaintiff is not conducting new business prohibited by Fla. Stat. § 607.1405(1). Instead, Plaintiff is taking steps that are a part of a corporation's winding up process after dissolution. Therefore, the Court finds that Plaintiff has capacity to sue under Fed. R. Civ. P. 17(b)(2) and **DENIES** Defendant's motion to dismiss.

**B. Motion for Summary Judgment**

In the Ninth Circuit, summary judgment is not generally granted prior to an opportunity for parties to conduct discovery. See Inlandboatmens Union of Pacific v. Dutra Group, 279 F.3d 1075, 1083 (9th Cir. 2002). Neither are motions to dismiss under Fed. R. Civ. P. 12(6)(b) converted into motions for summary judgment except at the court's discretion. See N. Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 582 (9th Cir. 1983). Courts are unlikely to grant summary judgment on a weak evidentiary record. See Century Surety Co. v. Master Design Drywall, Inc., 2009 WL 3425326 at *1–2 (S.D. Cal. Oct. 21, 2009) (summarizing similar authority).

At this point in the litigation, the evidentiary record is limited to a single exhibit confirming that Plaintiff was administratively dissolved for failure to file an annual report. It is premature to grant summary judgment on the basis of this record. Accordingly, Defendant's motion for summary judgment is **DENIED** but may be renewed after the parties have had an opportunity to conduct further discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**. Defendant's motion in the alternative for summary judgment is **DENIED** without prejudice. Defendants shall file an answer to the Complaint within 14 days of the entry of this Order.

**IT IS SO ORDERED.**

Dated: July 27, 2015

Barry Ted Moskowitz, Chief Judge
United States District Court