UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMART-TEK SERVICE SOLUTIONS CORP.,<br><br>                             Plaintiff,<br>v.<br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>                            Defendant. | Case No.: 15-cv-0452-BTM-LL<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF NOS. 42, 43]** |

The United States Internal Revenue Service ("IRS") and Plaintiff Smart-Tek Service Solutions Corp. have filed cross-motions for summary judgment as to Plaintiff's claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. (ECF Nos. 42, 43). For the reasons discussed below, the IRS's motion will be granted and Plaintiff's motion will be denied.

I. **BACKGROUND**

This is one of five actions filed by related entities against the IRS.[1] Each case is based on the claim that the IRS failed to comply with its obligations under

---

[1] The five actions (including this one) are: *Trucept, Inc., fka Smart Tek Solutions Inc. v. United States Internal Revenue Service*, Case No. 15-cv-0447-BTM-JMA; *Smart-Tek Services, Inc. v. United States Internal Revenue Service*, Case No. 15-cv-0449-BTM-JMA; *Smart-Tek Service Solutions Corp. v. United States Internal Revenue Service*, Case No. 15-cv-0452-BTM-LL; *Smart-Tek Automated Services, Inc. v. United States Internal Revenue Service*, Case No. 15-cv-0453-BTM-LL; and *American Marine LLC v. United States Internal Revenue Service*, Case No. 15-cv-0455-BTM-LL.

5 U.S.C. § 552 to respond to FOIA requests submitted by the plaintiffs. Plaintiffs contend they submitted their requests after the IRS filed a series of liens against them between 2011 and 2013 holding them liable for payroll tax liabilities of other corporations under alter ego and/or successor liability theories.

Plaintiff Smart-Tek Service Solutions Corp. alleges it sent a written FOIA request to the IRS on May 12, 2014. Compl. (ECF No. 1) ¶ 10. Under 5 U.S.C. § 552(a)(6)(A)(i), an agency has 20 business days following receipt of a FOIA request to determine whether to comply with the request and must "immediately" notify the requester of its determination. 5 U.S.C. § 552(a)(6)(A)(i). On September 29, 2014, the IRS allegedly sent a response to Plaintiff acknowledging receipt of the request but "failed to make any determination about the request." Compl. ¶ 11. On February 27, 2015, having received no further response from the IRS, Plaintiff initiated this action.

On October 7, 2016, the IRS filed a motion for summary judgment, arguing that it had fully discharged its obligations under 5 U.S.C. § 552 and indicating that it had completed its search for records and released 1,598 pages in full and 369 pages in part, of non-exempt documents responsive to Plaintiff's FOIA request. (ECF No. 29). On July 10, 2017, the Court granted in part and denied in part without prejudice the IRS's motion for summary judgment. (ECF No. 36). The Court held that the declarations submitted by the IRS were insufficient to demonstrate the adequacy of the IRS's search because they (1) failed to explain how the IRS interpreted Plaintiff's FOIA request and the scope of documents the IRS determined were responsive to the request and (2) failed to provide sufficient information about the process by which the IRS reviewed 65 boxes of documents. *Id.* at 7.

The IRS also indicated that it withheld, in full or in part, responsive documents pursuant to the following FOIA exemptions: Exemption 3 (in conjunction with 26 U.S.C. § 6103(a)), Exemption 3 (in conjunction with 26 U.S.C.

§ 6103(e)(7)), Exemption 5, Exemption 6, Exemption 7(A), Exemption 7(D), and Exemption 7(E). The Court granted the IRS's motion for summary judgment as to the documents withheld under Exemption 5, Exemption 7(A), Exemption 7(D) and Exemption 3 (in conjunction with 26 U.S.C. § 6103(e)(7)). *Id.* at 12, 14-16, 18.

The IRS has now filed a renewed motion for summary judgment as to the remaining issues. (ECF No. 43). Plaintiff has also filed a motion for summary judgment. (ECF No. 42).

## II. DISCUSSION

### A. FOIA Summary Judgment Standard

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing there is no material factual dispute and he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets its burden, the nonmoving party must go beyond the pleadings and identify specific facts which show a genuine issue for trial. *Id.* at 324.

District courts are directed to conduct a *de novo* review of the adequacy of an agency's response to a FOIA request. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 755 (1989). Because FOIA cases rarely involve material factual disputes, they "are typically and appropriately decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 97 (D.D.C. 2009); *see Shannahan v. Internal Revenue Serv.*, 637 F. Supp. 2d 902, 912 (W.D. Wash. 2009). Courts "follow a two-step inquiry when presented with a motion for summary judgment in a FOIA case." *Shannahan*, 637 F. Supp. 2d at 912.

First, the district court must determine whether the agency has established that it fully discharged its obligation under FOIA to conduct an adequate search for

responsive records. *Zemansky v. U.S. Envtl. Prot. Agency*, 767 F.2d 569, 571 (9th Cir. 1985). To meet this burden, the agency must:

> demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." Further, the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith.

*Id.* (quoting *Weisberg v. U.S. Dep't of Justice ("Weisberg II")*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

If the agency satisfies its initial burden, the court proceeds to the second step and considers "whether the agency has proven that the information that it did not disclose falls within one of nine FOIA exemptions." *Shannahan*, 637 F. Supp. 2d at 912 (quoting *Los Angeles Times Commc'ns, LLC v. Dep't of the Army*, 442 F. Supp. 2d 880, 894 (C.D. Cal. 2006)). Agencies seeking to withhold documents pursuant to a FOIA exemption "have been required to supply the opposing party and the court with a '*Vaughn* index,' identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." *Wiener v. Fed. Bureau of Investigation*, 943 F.2d 972, 977 (9th Cir. 1991); *see Vaughn v. Rosen*, 484 F.2d 820, 823-25 (D.C. Cir. 1973). "The purpose of a *Vaughn* index 'is . . . to afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court the opportunity to intelligently judge the contest.'" *Shannahan*, 637 F. Supp. 2d at 912 (quoting *Wiener*, 943 F.2d at 979).

Finally, "even if the agency satisfies the two-part test, it generally must still disclose any reasonably segregable portions of the withheld documents." *Id.*; 5

U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection."). "The burden is on the agency to establish that all reasonably segregable portions of a document have been segregated and disclosed." *Id.* (quoting *Pac. Fisheries Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008)).

### B. Reasonableness of Search

The IRS contends it has conducted an adequate search for records responsive to Plaintiff's FOIA request. To fulfill its obligations under FOIA, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The agency must show "[w]hat records were searched, by whom, and through what process." *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994). An agency can meet its burden by submitting a "reasonably detailed, nonconclusory" affidavit "in good faith." *Id.* at 551 (quoting *Weisberg II*, 745 F.2d at 1485). Agency affidavits that "do not denote which files were searched or by whom, do not reflect any systematic approach to document location, and do not provide information specific enough to allow the plaintiff to challenge the procedures utilized" are insufficient to fulfill the agency's burden. *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980). In determining whether an agency has met its burden to prove an adequate search, "the facts must be viewed in the light most favorable to the requestor." *Zemansky*, 767 F.2d at 571 (citing *Weisberg II*, 745 F.2d at 1485).

In support of its contention that it conducted an adequate search for records responsive to Plaintiff's FOIA request, the IRS submits the declarations of Delphine Thomas and Christopher Valvardi (ECF No. 43-1). Thomas is a Disclosure Specialist whose duties include responding to FOIA requests for IRS records,

which requires her to "have knowledge of the types of documents created and maintained by the various divisions and functions of the [IRS]." Thomas Decl. ¶ 2. Valvardi is an attorney in the Office of the Associate Chief Counsel of the IRS whose duties "require knowledge of the types of documents created and maintained by the various divisions and functions of the [IRS], and an understanding of the provisions of the FOIA which exempt certain types of documents from disclosure in response to a FOIA request." Valvardi Decl. ¶ 1-2.

On May 29, 2014, the IRS received a FOIA request from Plaintiff seeking "a complete copy of the administrative file" for Plaintiff. Thomas Decl. ¶ 9. Disclosure Specialist Ed Pullman reviewed the request and contacted Plaintiff, who narrowed the request to records regarding forms 940, 941, and 1120 for the years 2007-2014. *Id.* ¶ 11. According to Pullman's case history notes dated July 25, 2015, and pursuant to established practice, Pullman entered Plaintiff's Taxpayer Identification Number ("TIN") into the Integrated Data Retrieval Service ("IDRS"). *Id.* ¶ 12; Thomas Supp. Decl. ¶ 6. Pullman entered the following codes into IDRS in conjunction with Plaintiff's TIN: BMFOLI (to retrieve an index of all the tax modules in the Business Master File for Plaintiff's TIN), BMFOLT (to retrieve all amounts, dates, and posted transactions pertaining to tax years 2007-2014), and SUMRY (to provide a summary of all available tax modules under Plaintiff's TIN). Thomas Decl. ¶ 12.

Pullman learned that Plaintiff's collection case file was in the possession of IRS Revenue Officer John Black. *Id.* ¶ 14. The IRS construed Plaintiff's request for "administrative file" as a request for the "case file maintained by a Revenue Officer who is assigned to that taxpayer's collection case(s)." Thomas Supp. Decl. 8. Plaintiff accepts the IRS's interpretation of its FOIA request. (ECF No. 44 at 2).

Black informed the IRS Disclosure Office that documents responsive to Plaintiff's requests were located within the commingled files maintained by Black on Plaintiff and over twenty related entities. Thomas Decl. ¶ 14. The commingled

documents resulted in 65 boxes of documents, with the number of pages per box ranging from a low of 600 pages to a high of around 4000 pages. *Id.* ¶ 15. The total number of pages in the 65 boxes was around 141,000. *Id.* The 65 boxes of records were then scanned into electronic format and reviewed by Disclosure Specialists Thomas, Athena Amparano, and Ed Pullman. Thomas Supp. Decl. ¶¶ 13-14. The Disclosure Specialists conducted their review by selecting a box of scanned records and "visually searching page-by-page for information pertaining to plaintiff, such as plaintiff's name or employer identification number ('EIN')." *Id.* ¶ 15.

Documents containing only the Plaintiff's taxpayer return information were marked as responsive to Plaintiff's FOIA request. *Id.* ¶ 17. Some boxes contained documents pertaining to Plaintiff as well as other taxpayers. *Id.* ¶ 18. Thomas "checked the authorization for the plaintiff's designated representative with power of attorney ('POA') using the CFINK command in IDRS" and "noted that the POA had authorization for some, but not all, of the taxpayers named in the records." *Id.* Plaintiff submitted a Form 2848 "authorizing its attorney in fact to receive only the return information of plaintiff that would be found within [Black's] commingled administrative file." Valvardi Supp. Decl. ¶ 17. Plaintiff did not provide the IRS with "valid consents from those other taxpayers authorizing the [IRS] to disclose their tax return information to plaintiff." *Id.* ¶ 18. Therefore, if a document contained Plaintiff's return information as well as the return information of one or more of the other FOIA requesting entities, it was marked as partially responsive to Plaintiff's FOIA request and partially responsive to each of the other FOIA requesting entities whose return information was included on the document. Thomas Supp. Decl. ¶ 21. If a document contained Plaintiff's return information but also the return information of other taxpayers who did not submit FOIA requests, it was marked as partially responsive to Plaintiff's request only. *Id.* ¶ 22. "Documents that did not contain any of plaintiff's return information were marked as nonresponsive to

1 plaintiff's FOIA request." *Id.* ¶ 23. Copies of responsive documents were uploaded to the IRS's Automated Freedom of Information Act ("AFOIA") system. *Id.* ¶ 25.

The IRS located and reviewed a total of 2129 pages responsive to Plaintiff's FOIA request. Valvardi Decl. ¶ 8. The IRS determined that 1598 pages could be released to Plaintiff in their entirety, 369 pages could be released in part, and 162 pages needed to be withheld in full. *Id.*

The IRS has submitted "reasonably detailed, nonconclusory" affidavits that show "what records were searched, by whom, and through what process." *See Steinberg*, 23 F.3d at 552. The IRS's declarations indicate how the IRS interpreted Plaintiff's FOIA request and its criteria to determine which documents from the 65 boxes were responsive to Plaintiff's request. Plaintiff argues that the IRS's search was unreasonable because documents containing Plaintiff's taxpayer information were commingled with documents containing other taxpayers' information and the IRS "mark[ed] any document as non-responsive merely because it did not contain Plaintiff's taxpayer information." (ECF No. 44 at 3). The Court finds the IRS's approach of marking documents as non-responsive if they did not contain Plaintiff's taxpayer information to be reasonable because Plaintiff's FOIA request only requested its own, and not any other taxpayers' administrative file. The IRS has conducted an adequate search in response to Plaintiff's FOIA request. The IRS's motion for summary judgment is granted as to this issue.

//
//
//
//
//
//
//
//

### C. Withholding of Responsive Documents Pursuant to FOIA Exemptions

The IRS indicates it withheld all, or part, of responsive documents pursuant to FOIA exemptions.

#### 1. Exemption 3 in Conjunction with 26 U.S.C. § 6103(a)

Pursuant to Exemption 3 and § 6103(a), the IRS withheld documents because the pages contained information that was "the return information of taxpayers other than plaintiff." (ECF No. 43-2 Valvardi Decl. ¶ 13).

Plaintiff argues that because the IRS has determined for tax liability purposes that Plaintiff and other taxpayers are alter egos, and therefore one entity, the IRS cannot withhold documents on the basis that they belong to other taxpayers. (ECF No. 42-1 at 11; ECF No. 44 at 6). Plaintiff further contends that § 6103 no longer bars its request for certain return information because the names of its alleged alter egos were publicly disclosed in tax liens and a footnote in *Goldberg v. United States*, a related case. *See* 2015 WL 4656361, at *1 n.2 (S.D. Fla. Aug. 5, 2015). (ECF No. 42-1 at 9).

The IRS argues it need not disclose the return information of alter-ego taxpayers because Plaintiff did not request such information, and even if Plaintiff had, such a request would be "invalid on its face" because Plaintiff failed to secure the requisite authorization for the disclosure of third party documents. (ECF No. 43-1 at 11-12; ECF No. 49 at 5). The IRS asserts it did not itself disclose taxpayer identities in the *Goldberg* case, and to the extent a tax lien constitutes public disclosure, the withheld documents nevertheless constitute protected return information. (ECF No. 43-1 at 13-17). Finally, the IRS contends that a rule requiring disclosure upon assertion of alter ego liability contradicts how the IRS treats separate taxpayers and would lead to "absurd results." (ECF No. 45 at 7-8). The Court agrees with the IRS in part.

FOIA Exemption 3, 5 U.S.C. § 552(b)(3), protects from disclosure matters "specifically exempted by statute." Section 6103 of the Internal Revenue Code,

26 U.S.C. § 6103, is one such statute. *Long v. U.S.*, 742 F.2d 1173, 1178 (9th Cir. 1984). Section 6103 provides that returns and returns information "shall be confidential," subject to certain exceptions. 26 U.S.C. § 6103(a). "If § 6103 forbids the disclosure of material, it may not be produced in response to a request under the FOIA." *Church of Scientology of California v. I.R.S.*, 484 U.S. 9, 11 (1987). FOIA requesters are generally not entitled to information identifying another taxpayer. *See, e.g.*, *Willamette Indus., Inc. v. United States*, 689 F.2d 865, 867-69 (9th Cir. 1982) (treating another taxpayer's identifying information as exempt from FOIA request but requiring IRS to provide reasonable segregable portions of record); *DeSalvo v. I.R.S.*, 861 F.2d 1217 (10th Cir. 1988) ("Individuals are . . . not entitled to the tax returns or return information of others unless a specific exception within the statute applies."); *Linsteadt v. I.R.S.*, 729 F.2d 998, 1000 (5th Cir. 1984) (stating a FOIA requester "is not entitled to access to the tax return or return information of other taxpayers") (citing *Fruehauf Corp. v. I.R.S.*, 566 F.2d 574, 578 (6th Cir. 1980)).

As an initial matter, the Court finds that Plaintiff did not actually request the return information of alter ego entities. Plaintiff requested "a complete copy of the administrative file" for Plaintiff "for tax forms 940, 941, and 1120 for years 2007-2014." (ECF No. 29-4 Thomas Decl. at ¶ 9). The request fails to specify that it seeks the identities and information of other taxpayers connected with Plaintiff's administrative file. *Id.* The Court further notes that the 35 day window in which to resubmit or amend the request has since expired. *See* 26 C.F.R. § 601.702(c)(1)(i).

Even if Plaintiff had sufficiently stated the scope of its request, 26 U.S.C. § 6103 specifically protects a taxpayer's identity as confidential "return information." *See* 26 U.S.C. § 6103(a) ("Returns and return information shall be confidential . . . ."); 26 U.S.C. § (b)(2)(A) (including "a taxpayer's identity" in the definition of "return information"). "Return information" also encompasses "whether

10

15-cv-0452-BTM-LL

26 U.S.C. § 6103, is one such statute. *Long v. U.S.*, 742 F.2d 1173, 1178 (9th Cir. 1984). Section 6103 provides that returns and returns information "shall be confidential," subject to certain exceptions. 26 U.S.C. § 6103(a). "If § 6103 forbids the disclosure of material, it may not be produced in response to a request under the FOIA." *Church of Scientology of California v. I.R.S.*, 484 U.S. 9, 11 (1987). FOIA requesters are generally not entitled to information identifying another taxpayer. *See, e.g.*, *Willamette Indus., Inc. v. United States*, 689 F.2d 865, 867-69 (9th Cir. 1982) (treating another taxpayer's identifying information as exempt from FOIA request but requiring IRS to provide reasonable segregable portions of record); *DeSalvo v. I.R.S.*, 861 F.2d 1217 (10th Cir. 1988) ("Individuals are . . . not entitled to the tax returns or return information of others unless a specific exception within the statute applies."); *Linsteadt v. I.R.S.*, 729 F.2d 998, 1000 (5th Cir. 1984) (stating a FOIA requester "is not entitled to access to the tax return or return information of other taxpayers") (citing *Fruehauf Corp. v. I.R.S.*, 566 F.2d 574, 578 (6th Cir. 1980)).

As an initial matter, the Court finds that Plaintiff did not actually request the return information of alter ego entities. Plaintiff requested "a complete copy of the administrative file" for Plaintiff "for tax forms 940, 941, and 1120 for years 2007-2014." (ECF No. 29-4 Thomas Decl. at ¶ 9). The request fails to specify that it seeks the identities and information of other taxpayers connected with Plaintiff's administrative file. *Id.* The Court further notes that the 35 day window in which to resubmit or amend the request has since expired. *See* 26 C.F.R. § 601.702(c)(1)(i).

Even if Plaintiff had sufficiently stated the scope of its request, 26 U.S.C. § 6103 specifically protects a taxpayer's identity as confidential "return information." *See* 26 U.S.C. § 6103(a) ("Returns and return information shall be confidential . . . ."); 26 U.S.C. § (b)(2)(A) (including "a taxpayer's identity" in the definition of "return information"). "Return information" also encompasses "whether

10

15-cv-0452-BTM-LL

26 U.S.C. § 6103, is one such statute. *Long v. U.S.*, 742 F.2d 1173, 1178 (9th Cir. 1984). Section 6103 provides that returns and returns information "shall be confidential," subject to certain exceptions. 26 U.S.C. § 6103(a). "If § 6103 forbids the disclosure of material, it may not be produced in response to a request under the FOIA." *Church of Scientology of California v. I.R.S.*, 484 U.S. 9, 11 (1987). FOIA requesters are generally not entitled to information identifying another taxpayer. *See, e.g.*, *Willamette Indus., Inc. v. United States*, 689 F.2d 865, 867-69 (9th Cir. 1982) (treating another taxpayer's identifying information as exempt from FOIA request but requiring IRS to provide reasonable segregable portions of record); *DeSalvo v. I.R.S.*, 861 F.2d 1217 (10th Cir. 1988) ("Individuals are . . . not entitled to the tax returns or return information of others unless a specific exception within the statute applies."); *Linsteadt v. I.R.S.*, 729 F.2d 998, 1000 (5th Cir. 1984) (stating a FOIA requester "is not entitled to access to the tax return or return information of other taxpayers") (citing *Fruehauf Corp. v. I.R.S.*, 566 F.2d 574, 578 (6th Cir. 1980)).

As an initial matter, the Court finds that Plaintiff did not actually request the return information of alter ego entities. Plaintiff requested "a complete copy of the administrative file" for Plaintiff "for tax forms 940, 941, and 1120 for years 2007-2014." (ECF No. 29-4 Thomas Decl. at ¶ 9). The request fails to specify that it seeks the identities and information of other taxpayers connected with Plaintiff's administrative file. *Id.* The Court further notes that the 35 day window in which to resubmit or amend the request has since expired. *See* 26 C.F.R. § 601.702(c)(1)(i).

Even if Plaintiff had sufficiently stated the scope of its request, 26 U.S.C. § 6103 specifically protects a taxpayer's identity as confidential "return information." *See* 26 U.S.C. § 6103(a) ("Returns and return information shall be confidential . . . ."); 26 U.S.C. § (b)(2)(A) (including "a taxpayer's identity" in the definition of "return information"). "Return information" also encompasses "whether

the taxpayer's return was, is being, or will be examined or subject to other investigation." 26 U.S.C. § (b)(2)(A). IRS regulations require that requests for another taxpayer's return information, which includes their identity, be accompanied by "a properly executed power of attorney, Privacy Act consent, or tax information authorization, as appropriate." 26 C.F.R. § 601.702(c)(5)(iii)(C). Plaintiff failed to obtain such consent here, despite its receipt of a tax lien listing nineteen alleged alter egos. (*See* ECF 42-2, Bonar Decl. Exh. A).

Plaintiff's relies on *Lampert v. United States* to support its assertion that the taxpayers' identities are public information as a result of the tax lien and *Goldberg* footnote, and therefore not subject to § 6103(a)'s disclosure prohibitions. 854 F.2d 335 (9th Cir. 1988). Plaintiff's reliance is not entirely misplaced. In *Lampert*, taxpayers alleged that government press releases detailing tax evasion charges against the taxpayers constituted unauthorized disclosures of their return information under 26 U.S.C. § 6103. *Id.* at 336. The Ninth Circuit rejected the taxpayers' arguments, reasoning that that "once information is lawfully disclosed in court proceedings, '§ 6103(a)'s directive to keep return information confidential is moot.' " *Id.* at 338 (quoting *Figur v. United States*, 662 F.Supp. 515, 517 (N.D. Cal. 1987)). The Ninth Circuit held that "once return information is lawfully disclosed in a judicial forum, its subsequent disclosure by press release does not violate [the statute]." *Id.*

The IRS contends that because another party — not the IRS — publicly disclosed taxpayers' identities during the related *Goldberg* litigation, and because the IRS actively asserted the privilege throughout discovery, the IRS did not waive § 6103 protections in a court proceeding. (ECF No. 43-1 at 14-16). But the Court need not reach this argument, as *Lampert* seems to at a minimum allow the IRS to confirm that the entities listed on the public federal tax lien are among those whose documents are included in the commingled file. *See* Bonar Decl. Exh. A. The identities of Plaintiff's alleged alter-egos have been "made a part of the public

domain" through legal process and the creation of a public record. *Lampert*, 854 at 338. It therefore follows that the identities of taxpayers named in the public tax lien are no longer privileged under § 6103. *See id.* However, the Court agrees with the IRS that the documents containing the taxpayers' other return information remain protected. *See generally* 26 U.S.C. § 6103(b) (enumerating other protected return information). That the IRS named other taxpayers publicly in connection with Plaintiff does not entitle Plaintiff to those taxpayers' undisclosed, non-public documents through the FOIA.

Plaintiff's alter ego argument is also unavailing. The Internal Revenue Code treats taxpayers as separate entities for tax assessment purposes irrespective of whether they are designated alter egos for collection purposes. *See Portsmouth Ambulance, Inc. v. United States*, 756 F.3d 494, 501 (6th Cir. 2014) (reasoning "the mere application of an alter-ego appellation does not transform separate individuals or companies into a single entity"). By arguing that alter egos are entitled to one another's tax returns, Plaintiff would in fact merge the entities into one taxpayer and render itself liable for the tax obligations of another taxpayer.

Plaintiff cites to an unreported district court case, *George v. Internal Revenue Service*, 2007 WL 1450309 at *1 n.3 (N.D. Cal., May 14, 2007), as evidence that the IRS has previously treated a FOIA requester and its alter ego as a single entity for both tax liability and disclosure purposes. (ECF No. 42-1 at 11-12). But *George* is neither binding nor does it hold that there is in fact an alter ego exception to § 6103. *See id.* And although Plaintiff could in theory achieve disclosure of alter ego return information in a tax administration proceeding under 26 U.S.C. § 6103(h)(4), Plaintiff cannot do the same through a FOIA proceeding. *See* 26 U.S.C. § 6103(h)(4) (providing "[a] return or return information may be disclosed in a Federal . . . proceeding pertaining to tax administration but only . . . if such return or return information directly relates to a transactional relationship between a person who is party to the proceeding and the taxpayer which directly affects the resolution of an

issue in the proceeding"); *Safeway, Inc. v. I.R.S.*, 2006 WL 3041079 at *7-8 (N.D. Cal. Oct. 24, 2006) (holding FOIA litigation not a proceeding within the meaning of § 6103(h)(4)). *See also Chamberlain v. Kurtz*, 589 F.3d 827, 838 (5th Cir. 1979) (going further to state "[n]othing in the legislative history of section 6103 suggests that subsection (h)(4) was intended to govern disclosures of information to the taxpayer himself" and noting pertinent committee reports "discuss only disclosure to third party law enforcement officials").

Finally, a rule providing that putative alter egos are entitled to one another's tax return information would, as the IRS argues, yield paradoxical results. (ECF No. 45 at 8). If the IRS discloses another taxpayer's information pursuant to such a rule, only so that the requester can use that information to disprove alter ego status, the disclosure automatically violates § 6103(a) and conflicts with its core purpose of protecting taxpayer privacy. *See Church of Scientology of California v. I.R.S.*, 484 U.S. 9, 16 (1987) ("Congress did not intend [§ 6103] to allow the disclosure of otherwise confidential return information merely by the redaction of identifying details."); *Cause of Action v. I.R.S.*, 125 F.Supp.3d 145, 163 (D.D.C. 2015) ("The core purpose of section 6103 is to protect taxpayer privacy.") (internal quotations and alterations omitted). Plaintiff's suggested approach runs counter to the purpose of § 6103 and is untenable.

For the foregoing reasons, the IRS's motion for summary judgment is granted as to Exemption 3.

### 2. Exemption 6

Exemption 6 restricts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). To determine whether information has been properly withheld under Exemption 6 requires a court to "balance the privacy interests or personal nature of the information sought against the public interest that would be served by disclosure." *Chamberlain v. Kurtz*, 589 F.2d 827, 841-42

(5th Cir. 1979); see Horowitz v. Peace Corps, 428 F.3d 271, 278 (D.C. Cir. 2005).

According to Valvardi, the information being withheld under Exemption 6 consists of "taxpayer identification numbers (social security numbers, entity identification numbers, and return preparer identification numbers), credit card or bank account numbers, home addresses, personal phone numbers, or other similar information which would identify an individual taxpayer and could be used to compromise that individual's identity." Valvardi Decl. ¶ 22. Further, the IRS is not asserting Exemption 6 for withholding "any return or return information of the unrelated corporations, nor any corporate entities," but rather only for "taxpayers who are private individuals and are not business entities." Valvardi Supp. Decl. ¶ 21.

The Court finds the referenced information was properly withheld under Exemption 6, because it consists of personal information of individuals that falls within the ambit of information typically subject to privacy protection, and the privacy interests of the individuals involved outweigh any public interest that might be served by disclosure. *See Chamberlain*, 589 F.2d at 841-42. The Court also finds that the IRS complied with its duty to reasonably segregate and produce all non-exempt information. *See* Valvardi Decl. ¶ 9. Accordingly, the Court grants the IRS's motion for summary judgment as to its withholding of information pursuant to Exemption 6.

### 3. Exemption 7(E)

Exemption 7(E) protects information compiled for law enforcement purposes from disclosure to the extent it "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). To establish this exemption, "the Government must show that the technique that would be disclosed under the FOIA request is a technique unknown to the general public."

*Pully v. Internal Revenue Serv.*, 939 F. Supp. 429, 438 (E.D. Va. 1996) (citing *Malloy v. Dep't of Justice*, 457 F. Supp. 543, 545 (D.D.C. 1978)); *see Wilkinson v. Fed. Bureau of Investigation*, 633 F. Supp. 336, 349 (C.D. Cal. 1986) (to justify withholding under Exemption 7(E), "the government will have the burden of proving that these techniques are not generally known to the public").

The IRS indicates it withheld five pages pursuant to Exemption 7(E). According to Valvardi, the redacted pages contain notes that "include discussions of several techniques and procedures typically used by examiners to gather evidence about taxpayers, and to identify the relationships among various entities." Valvardi Supp. Decl. ¶ 23. These include (1) "the parameters of certain modes of coordination among various operating divisions within the IRS and IRS Chief Counsel, and among the IRS and other agencies," (2) "methods of analyzing information gathered in investigations in order to determine specific forms of liability," and (3) "techniques used when investigating and interviewing taxpayers under examination in order to effectively gather information needed to determine the taxpayer's liability." *Id.* ¶¶ 24-26. The IRS asserts that none of these techniques and procedures are known to the general public. *Id.*

The Court finds the IRS's evidence sufficient to show that disclosure of the referenced information would disclose techniques and procedures for law enforcement investigations that could reasonably be expected to risk circumvention of the law. The Court also finds that the IRS complied with its duty to reasonably segregate and produce all non-exempt information. *See* Valvardi Decl. ¶ 9. Accordingly, the IRS's motion for summary judgment is granted as to its withholding of information under this exemption.

### III. CONCLUSION AND ORDER

The Court concludes with the reminder that "FOIA is not designed 'as a substitute for civil discovery.' " *Shannahan v. I.R.S.*, 672 F.3d 1142 (9th Cir. 2012) (quoting *Baldridge v. Shapiro*, 455 U.S. 345, 360 n.14 (1982)). As another

15

15-cv-0452-BTM-LL

district court reasoned, if the Court were to "hold [Plaintiff] was entitled to the third-party return information [it] seeks, [the Court] would have to disclose that same information to the general public too." *Greenberger v. I.R.S.*, 283 F.Supp.3d 1354, 1372 (N.D. Ga. 2017) (citing *Forest Serv. Emps. For Envtl Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1025 (9th Cir. 2008) ("FOIA provides every member of the public with equal access to public documents and, as such, information released in response to one FOIA request must be released to the public at large.")).

Finally, Plaintiff's appeal to fairness in light of the I.R.S.'s assertion of alter ego liability for third parties' unpaid taxes is unavailing. Even the I.R.S. recognizes that in an action challenging the imposition of liability Plaintiff will probably obtain the third party information it seeks. (ECF No. 45 at n.2). But this FOIA action is not an action challenging the liens.

For the reasons discussed above, the IRS's motion for summary judgment is GRANTED (ECF No. 43) and Plaintiff's motion for summary judgment is DENIED (ECF No. 42).

IT IS SO ORDERED.

Dated: November 26, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court